IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FAIR,<br>      Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ZAKEN, *Deputy Superintendent – S.C.I. Pittsburg*; ANGEL DAIVILLE; MR. JAMES LIPSCOMBE, *Unit Manager*; BAHIM, *Correction Officer, Medical Department*,<br>      Defendants. | Civil Action No. 14-232<br>Chief Magistrate Judge Maureen P. Kelly |

## **OPINION AND ORDER**

**Kelly, Chief Magistrate Judge**

  Plaintiff, Robert Fair, has presented a complaint against *inter alia*, Defendant Angel Daiville, alleging that in the course of his incarceration at the State Correctional Institution in Pittsburgh, Pennsylvania ("SCI – Pittsburgh"), inmate Daiville sexually assaulted Plaintiff and, through other inmates, issued retaliatory threats against Plaintiff. Plaintiff also names as Defendants certain prison officials, who are alleged to have failed to protect Plaintiff from assault and/or have failed to provide psychiatric treatment and medication to aid his recovery.

  On December 18, 2014, this Court issued an Order directing Plaintiff to provide the Court with instructions to serve Defendant Daiville with a copy of the complaint. Plaintiff was granted over two weeks to comply. Now, some three months later, Plaintiff has failed to respond or given any other indication that he wishes to proceed with this action against Defendant Daiville.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether a particular defendant should be dismissed as a sanction the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors indicates that Defendant Daiville should be dismissed from the instant action.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's order so that the case could proceed, which weighs heavily against him. Plaintiff's failure to respond to the Court's order was not only solely his personal responsibility but his failure to do so even three months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendant Daiville as he has not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's order, which has prevented this case from proceeding against Defendant Daiville, suggests that Plaintiff has no serious interest in pursuing his claim. Dismissal of Defendant Daiville, therefore, is the most appropriate action for this Court to take. <u>Mindek v. Rigatti</u>, 964 F.2d at 1373.

AND NOW, this 31st day of March 2015, IT IS HEREBY ORDERED that Defendant Angel Daiville is DISMISSED from this action for Plaintiff's failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/Maureen P. Kelly
Chief United States Magistrate Judge

cc: Robert Fair
     Renewal, Inc.
     339 Boulevard of the Allies
     Pittsburgh, PA 15222