IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FAIR, )<br>       Plaintiff, )<br> )<br> vs. )<br> )<br>MICHAEL J. ZAKEN, *Deputy* )<br>*Superintendent – S.C.I. Pittsburg*; MR. )<br>JAMES LIPSCOMBE, *Unit Manager*; )<br>BAHIM, *Correction Officer, Medical* )<br>*Department*, )<br>       Defendants. ) | Civil Action No. 14-232<br>Chief Magistrate Judge Maureen P. Kelly |

## OPINION AND ORDER

**Kelly, Chief Magistrate Judge**

Plaintiff, Robert Fair, has presented a civil rights complaint against Defendants Michael J. Zaken, James Lipscombe and Corrections Officer Bahim, alleging that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, when they failed to protect him from an inmate who exposed himself to Plaintiff on numerous occasions and from threats allegedly made by the inmate's associates.

On February 4, 2015, Defendants Bahim, Lipscombe and Zaken filed a Motion to Dismiss For Failure to State a Claim (ECF No. 24). On February 5, 2015, this Court issued an Order directing Plaintiff to file a response to the Motion to Dismiss by March 5, 2015. On March 31, 2015, this Court entered an Order to Show Cause, returnable on April 10, 2015, to show cause why this action should not be dismissed as to Defendants Zaken, Lipscombe and Bahim, for Plaintiff's failure to file a response to the Motion to Dismiss, as directed in the Order

1

of Court dated February 5, 2015. (ECF No. 26). To date, Plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.[1]

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors indictates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weighs heavily against him. Plaintiff's failure to failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so nearly two months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking

---

[1] On March 31, 2015, this Court entered an Order terminating this action against the remaining Defendant, inmate Angel Daiville, for failure to prosecute. (ECF No. 27).

dismissal of the case, there appears to be no specific prejudice to Defendants other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate.  Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case.  Dismissal, therefore, is the most appropriate action for this Court to take.  Mindek v. Rigatti, 964 F.2d at 1373.

AND NOW, this 20th day of April, 2015, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

> BY THE COURT,
>
> /s/Maureen P. Kelly
> Chief United States Magistrate Judge

cc:   Robert Fair
      Renewal, Inc.
      339 Boulevard of the Allies
      Pittsburgh, PA 15222

      All Counsel Via CM-ECF